20-966. For the appellant, we have Mr. Gumbiner. Yes, Judge. Good morning. Did I get your name right? Yes. And for the appellee, we have Ms. Kudla. Yes, Your Honor. Okay, thank you very much. And we have Ms. Kudla. Mr. Gumbiner, you have a total of five minutes, but you've reserved one minute for rebuttal. So why don't you go ahead? Thank you, Judge. Your Honors, may it please the court. There is a reasonable possibility that Judge Rakoff impermissibly relied on a dismissed state drug arrest to impose a higher sentence on Mr. Barrera. Because the record is at best unclear as to whether the improper consideration of an arrest that resulted in the dismissal impacted Mr. Barrera's sentence, the case should be remanded for resentencing. Now, this was a case where Mr. Barrera presented an extremely compelling argument for a very substantial downward variance. The facts show that after he was deported to El Salvador, he was the victim of horrific gang violence, including being hacked by machetes that resulted in numerous scars. And that that's why he returned to the United States. And when the sentencing began, Judge Rakoff acknowledged that he would ordinarily be very sympathetic to that consideration. But then said he wasn't going to extend any particular mercy to Mr. Barrera because he believed he had resumed his involvement in selling drugs, which was a crime he was originally deported for. Now, I immediately pointed out to Judge Rakoff, as a trial counsel as well, that Mr. Barrera, in fact, had not gone back to drug dealing and that those charges had been dismissed. And I reviewed the circumstances under which Mr. Barrera had been arrested in a house with numerous other people. Can I just ask you, where did the judge say that? He said it. Where did he say that he would be ordinarily be very sympathetic? No, that he went back to dealing drugs. He said that at this at page 835 of the appendix that he wasn't going. He would ordinarily be very sympathetic to Mr. Barrera, but he didn't feel that he could be in this case because he had resumed participation in the drug trade after his return. And resume participation. That's a quote from Judge Rakoff. That's on 835, I think. Yeah. Yeah. It's quite something else to come back and resume your participation in the drug trade. So thereafter, isn't it true that you pointed out, as you correctly pointed out now, that the charges were dismissed and that immediately changed Judge Rakoff's attitude. What you're saying is important and I want to be sure I understand it. And thereafter, he did not cite his resumption of drugs as charged in that other case as being relevant. Well, here's what happened. Initially, yes, we I thought we had prevailed because Judge Rakoff said that ordinarily he said this would be a very major consideration in the sentencing. But then he said that, you know, I'm not going to take it into consideration because these, as I correctly pointed out, that this was just an allegation and that the thing had been dismissed. But then, unfortunately, that did not end the matter because the government, even though Judge Rakoff reminded them of the presumption of innocence, they pushed back and they argued that the court should in fact consider the arrest because, one, it constituted what they claimed was probable cause that Mr. Barrera had committed the crime. And then they made some reference to. His association with the same criminal activity, so they the government was suggested and then they also said, I don't think there's any doubt that's what the government was suggesting and that they were allowed to suggest that the court could accept it or reject it. But the only thing the court ever said after that, after telling the government that, no, no, the presumption of innocence really says I shouldn't look at it. The only thing that the court says when explaining its judgment was to talk about the bail jumping, which you agree, right? I mean, he was convicted of bail jumping, right? Right. He was. So now we have to imagine that the court was thinking something that it didn't say. Well, I have to clarify something for the court here. That's not the only thing Judge Rakoff said. After the government made its arguments, the court responded with the somewhat rhetorical question. So you're saying even if he wasn't guilty of any of that, the very fact that he was associating with people who were in the drug trade suggested that he had not learned his lesson. Right. So if I characterize your question right now and I say, well, Mr. Gumbiner, let me just make sure I understand what you're saying. And I were to rephrase what you tell me. Does that suggest that I agree with you? Well, I would be. I would hope not. But I would hope it does. But I mean, I'm not saying it's a certainty. It does. But the way Judge Rakoff said that and we have to look at the bottom line here. At the end of the day, he only granted Mr. Barrera a six month variance from the bottom of the guidelines. Now, the crime of bail jumping is easily explainable. I mean, the real only inference from that is that Mr. Barrera didn't come back to court because he was terrified of being deported and he knew that was what was going to happen to him. Why is that the only inference? Well, I think it's by far the most compelling because he wasn't guilty of the underlying charges. What is the evidence that he wasn't guilty? I mean, maybe he was guilty, maybe not. That's an unknown. But why would we assume that to be true? Why wouldn't we assume that the government dropped the charges because they had no evidence, but he knew he was guilty and didn't want to get caught? I mean, I don't know. We can make up a million inferences about why he jumped bail. But why should we accept the one that says he's innocent? OK, I'm not saying you have to accept. Obviously, I guess I maybe overstated my position. Obviously, that's not the only inference you can draw. So I don't want that would be incorrect. But I do think the fact that Judge Rakoff started the sentencing by saying ordinarily I would be very sympathetic to the circumstances that led Mr. Barrera to return to illegally return to the United States. The fact that he ended up giving him only a minimal variance in the fact that there does seem to be an overall suggestion here that Judge Rakoff and Judge Rakoff is extremely erudite. So you want us to write an opinion saying that the district court judge, who's well-known to be erudite and talks around and leaves signals. Therefore, we find that he that he abused his discretion. Is that is that the stuff of law? You know, Judge Rakoff might feel a tad unhappy if we called him erudite. Maybe he'd be happy. I don't know. But wait a second. Wait a second. So you asked us to read between the lines and get at what Rakoff really meant. Is that it? Well, it's it's the same thing as in the United States versus Jua, where there was also a case. And that's the principal case we're relying on. Well, it was also unclear in that case whether Judge Robinson was relying on an improper inference from conduct that had been charged, but under which he wasn't convicted. And the remedy was to remand the case for resentencing. And if I'm wrong and if Judge Rakoff didn't, you know, take into consideration this arrest, you know, fine, he could reimpose the same sentence. But the problem is that he actually explicitly said that he's not going to take into consideration these other crimes. Well, he did say that we can't. You're saying we really can't take him at his word. No, no. I'm saying you can't. After the government made its arguments and the judge repeated those arguments. And I would suggest, Judge Nardini, it's not quite the way you repeated my arguments. I think he repeated them, you know, with a more favorable summing up kind of manner to it. Then I think and the government said that's correct. And Judge Rakoff then didn't say anything further about it. I think there is a possibility to oral argument today. I think there were a number of occasions where I talked to lawyers on both sides and I said something like, well, let me just make sure I understand your position just so I make sure you're arguing X. I can tell you right now that that doesn't necessarily mean I agree with X. That's just a very common approach from the bench to say, I really want to make sure I understand the point you're making, counsel. And I don't want to be, you know, writing an opinion based on some argument that, in fact, you are not making. So I hardly think that having a judge clarify his understanding of a party's position in any way suggests that the judge has somehow secretly adopted that position, particularly when he's already said he won't. And then when he later gives an explanation for his ruling, which makes no mention of that, it seems a little bit of a stretch. Well, I actually don't think it's you have to couple it with what he said at the start and what he ended up doing at the end and what transpired in the middle. And I think if you take it all in context, there's at least a possibility. I'm not saying not just an outside possibility, but a reasonable possibility that he did in some way consider the fact of this arrest as a reason for imposing a higher sentence. Because he knew about it? Not just because he knew about it, but because it obviously, it became... So Judge Nardini goes back to the District Court of Connecticut, and the guy has five charges, and the government withdraws four of them. And Judge Nardini asks the U.S. attorney, you're withdrawing all five, four of those charges? They're very, very serious charges, but you're withdrawing all of them? Yes, Your Honor. And then he sentences the individual to the maximum. You're saying that there's a possibility that the district court judge in Connecticut thought about the charges that were withdrawn? Well, in that case, yeah, I think he probably did. Yes, yes. Wow. Wow. I mean, I would be surprised. You know, we're going to be sending a lot of cases back. That's a tough bill. Judge, you were asking me whether I think it's possible for a judge to take that completely out of his mind. I have a record here that says, well, I think counsel for the respective parties are agreed there's no good ideal solution to this situation. But it's a situation part created by the defendant's own voluntary actions, not totally put in part. The court has some sympathy for his desire to escape from El Salvador. But as government counsel points out, this defendant keeps violating the law every single time. He not only comes back illegally, he jumps bail. There seems to be no order of the court that he pays sufficient attention to. So I do think a substantial sentence is warranted. But in light of the mitigating factors that defense counsel has so eloquently suggested, it won't be as high as the guidelines recommend. So the sentence of the court is the defendant sentenced to 24 months in prison. How much clearer could he have been as to what he was thinking about? Well, Judge, I think what's unclear is that given his initial inclination to consider this arrest, given the government's arguments and given what I would I mean, I was surprised by the sentence given. Well, you don't like the sentence, but that's not the litmus test. No, no, it's not the litmus test, but I mean, I wouldn't be appealing just because I didn't like the sentence. But if you would, maybe I would. I mean, that's not a problem. Nobody's finding fault with you for that. No, no, no, no. But, you know, you only got so much cloth to make the suit of clothes with. Right. What you got. I am doing. But here I think there is actually a substantial possibility that Judge Rakoff, despite all his attributes, did improperly take into account an arrest that he wasn't didn't that did lead to a dismissal and that he did infer things from that that he shouldn't have. And I think it wouldn't hurt to remanded for resentencing to make sure that didn't happen. That's our argument. Thank you, Mr. Gumbiner. Thank you very much. You've reserved a minute, although we kept you well past your time. That's true. Why don't we talk? I might not have anything to say. Thank you. We'll have you back and then you can tell us whether you have anything new. But in the meantime, let's hear from the government. Ms. You've got five minutes of your own. Your honors, may it please the court, Danielle Kudlow on behalf of the United States Council on Appeal and also counsel in the proceedings below as a threshold matter under either standard of review, abusive discretion or plain error review. The district court sentence should be affirmed because, as this court has pointed out, the statement of reasons makes clear. Appendix 42 that Judge Rakoff in no way relied upon the June 2015 narcotics arrest. However, under these circumstances, plain error review is appropriate because after Judge Rakoff articulated the statement of reasons, which did not include the arrest in any way. If there was such unclarity, as Mr. Gunnbinder now argues today, he needed to object at that point in time to allow Judge Rakoff to either clarify the record in the moment or to modify the sentence if necessary for any perceived error. By not doing that, it denied the district court the opportunity to make that course correction if necessary, which is the purpose of having the objection requirement and why plain error review is appropriate. I'd like to call one attention to Mr. Gunnbinder cited Juwa as a major case that counsel is focusing on and relying on. However, in Juwa, defense counsel did that very thing. They objected after the statement of reasons, after hearing the clearly erroneous fact articulated by the court, in that case, a misassumption about the number of times a defendant had committed an offense. And therefore, the Second Circuit reviewed under abuse of discretion standard. That did not occur here. And that's why we believe plain error review is appropriate. Can I ask you about that point? I don't know how much it really how much the case turns on it. But take a sentencing where. Oh, I don't know. Defense counsel says, Your Honor, please don't count this one prior conviction towards my criminal history. OK, or let's say that's not a qualifying offense for the career offender guy. Right. And then the court makes various findings and said, no, no, I'm going to count that towards a career offender guideline and then goes on later to sentence the person as a career offender. Are you suggesting that to preserve the objection that counsel has to repeat that again after imposition of sentence, that it's not sufficient to have told the judge before imposition of sentence, please don't do this thing. Your Honor, under your hypothetical, the answer is no. The reason why is because there was a colloquy between the counsels in the court articulated its position that it disagreed with defense counsel's objection and was going to use that as a sentencing factor. Well, what if let's OK, let's say that the court didn't hear. So defense counsel says, Your Honor, please, please don't use this for my criminal history. And the court says, all right, thank you very much, counsel. They go on, they talk for an hour, and then at the end they impose a sentence based on the conviction that was objected to. So there's no colloquy. And once again, the answer would be no, because there in the statement of reasons, it's relying on a it's the court would be expressly relying on something that had been decided. In Mr. Barrera's case, the interesting part is the statement of reasons makes no mention of the disputed June 2015 arrest. And in fact, under the reading of the statement of reasons, everyone assumed that Mr. Gumbiner's point had prevailed and the court wasn't considering it at all. And in fact, Judge Rakoff expressly disavowed any impermissible inference. So we we say that the record is absolutely clear that the court was not relying on this impermissibly. But if there was any question of unclarity about whether or not Judge Rakoff had not adopted defense counsel's position, that was the point to object. It's that the statement of reasons didn't articulate. It didn't mention the the arrest in any way. It was the statement of reasons adopted the defense counsel's position. It wasn't considered. And if there was any unclarity at that point in time, which they argue today. It should have been objected to at the proceeding itself. It seems like it strikes me, though, that it's more distinction between if you were raising as defense a challenge to 3553-A saying you impermissibly considered something as opposed 3553-C, you impermissibly articulated your reasons, which are two different and distinct claims, right? You're right, Your Honor. But I think in the in the moment it was, I think the Second Circuit here has to be clear that Judge Rakoff relied on a clearly erroneous fact. And the statement of reasons at Appendix 42 makes clear that he did not do so. There was no mention of this arrest in any way. And that sounds like it's going towards the merits, right? Like that seems like they said, don't consider this. Right. And if he considered it, it would be a 3553-A error. And then the fact that Judge Rakoff didn't say anything in his statement of reasons lends considerable support to the government's argument that on the merits, there was no 3553-A error. But it seems like to the extent they're raising what I think is a 3553-A claim saying he considered something inappropriate. The statement of reasons is simply a very strong evidentiary point on your side of the legend. But that doesn't necessarily mean that they didn't preserve their 3553-A claim. It just means that it's very likely to lose. Your Honor, I understand the distinction. However, we think for clarity of the record and to provide Judge Rakoff with the opportunity to correct it in the moment, an objection would have been necessary. But I want to point out, Your Honor, under either standard review, abuse of discretion or plain error review, the judgment, the sentence should be affirmed, articulated by the merits. The statement of reasons, as this court has pointed out, Judge Rakoff articulated that he had sympathy for Mr. Barrera's escape from El Salvador. But that sympathy was tempered by the fact that he continued to violate the law as evidenced by the illegal reentry and the bail jumping. Undisputed facts at the time of sentencing, all well within Judge Rakoff's discretion to consider when crafting the appropriate sentence. And once again, absolutely no reference whatsoever to the June 2015 arrest in any way, let alone in impermissible fashion. Your Honors, if there are no further questions with respect to this matter, we would simply rest on the submission and ask that the sentence of the district court be affirmed. OK, I don't think there are any further questions for the government. So then, Mr. Gumbiner, you have reserved a minute for rebuttal. Judge, I do find it peculiar that the government is accusing me of not properly preserving the record because what transpired here was that after Judge Rakoff initially did rule in my favor, it was the government that vigorously pressed the argument that the court should still consider that arrest. And Judge Rakoff did not, other than repeating the government's argument, Judge Rakoff didn't address their arguments. And when he imposed sentence, he said that, that he was, he said, as there's, but as government, this is page 842, but as government counsel points out, this defendant keeps violating the law every single time. He not only comes back illegally, he jumps bail. Now, I think when you read that in totality and what just transpired on the page before in the transcript, I think there is a suggestion that he is adopting the government's argument that he keeps violating the law and not just by jumping bail. And just so I, again, so I understand your point without necessarily agreeing with it, coming back to what I was just saying to the government, my understanding of your argument today and in the brief is that you're challenging the district courts, what you claim is his consideration of an impermissible factor under 3553A. You're not per se challenging the articulation of the reasons for the sentence under 3553C. It's more that based on what the judge said in his explanation for the reasons, you find that somehow illustrative of what his consideration was under 3553A. And that's what you're faulting here is he considered something inappropriately. Yes, that is correct. And that is what we objected to. And I think that's all we needed to do to preserve the record. I don't think I needed to say it again after. Well, it's very hard for me to imagine what you would have said. I'm objecting to something that you just said. It's even harder to imagine if it's Judge Rakoff. Yes, I agree. You didn't say it, but I'm objecting to what you're thinking. Well, you know, no, I think I had made my objection. And I don't think the record is clear as to whether or not the judge did object further because what he said was unobjectionable. You don't have to agree with that. I'll just remain agnostic on that point. Thank you. All right. Thank you very much to both of you. That is very well argued, very helpful to the court. So thank you. Thank you.